UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON NORDSELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-1772-B |
| | § | |
| GMAC MORTGAGE, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Defendant GMAC Mortgage, LLC's ("GMAC")Amended Motion for Partial Dismissal (doc. 11), filed November 8, 2010. For the reasons stated below, the Court finds the Motion should be and hereby is **GRANTED**.

### I.

### BACKGROUND

Plaintiff Jason Nordsell filed this employment discrimination suit against his employer, GMAC, alleging claims under the Americans with Disabilities Act of 1990[1] ("ADA") and under Texas state law for wrongful termination under *Sabine Pilot Service, Inc. v. Hauck*[2], and intentional infliction of emotional distress. Nordsell alleges that GMAC, a residential loan servicing company, retaliated against him after he refused to commit fraud or violate the Real Estate Settlement

---

[1] 42 U.S.C.A. § 12101 *et seq.*

[2] 687 S.W.2d 733 (Tex. 1985).

- 1 -

Procedures Act[3] ("RESPA") in connection with second lien short sale closing papers. More specifically, Nordsell, who has worked for GMAC since 2006, maintains that he refused to participate in a company practice in which certain cash payments were received from buyers and thereafter not disclosed on the HUD settlement statements so as to conceal the payment from the first lien holder. (Pl.'s 1st Am. Compl. ¶¶ 9-11.) He maintains that when he questioned the practice in February 2010 and then refused to participate in it, he was harassed by his GMAC supervisors and his job status and pay were reduced. (*Id*. at ¶¶ 24, 27.)

GMAC filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), maintaining that Nordsell's *Sabine Pilot* and intentional infliction of emotional distress claims fail to state claims upon which relief can be granted under the applicable law. More precisely, GMAC contends that Nordsell's *Sabine Pilot* claim fails because he does not to allege that the adverse employment actions he has suffered were *solely* due to his refusal to commit a *criminal* act that carried criminal penalties. (Def.'s Mot. Dismiss 4.) GMAC also argues that the intentional infliction of emotional distress claim should be dismissed because it is based on the identical set of facts supporting his other claims. (*Id*. at 5.)

## II.

## LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

In analyzing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the

---

[3] 12 U.S.C.A. § 2601 *et seq.*

plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "A motion to dismiss under Rule 12(b)(6) is 'viewed with disfavor and is rarely granted.'" *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004) (quoting *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). A Rule 12(b)(6) motion to dismiss should be granted only if the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

**B. Wrongful Discharge under *Sabine Pilot***

Texas recognizes an exception to the employment at-will doctrine where the employee's refusal to perform an unlawful act is the reason for the termination. *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985). To establish a prima facie case of wrongful termination under *Sabine Pilot*, Nordsell must prove that (1) he was required to commit an illegal act carrying criminal penalties; (2) he refused to engage in the illegal act; (3) he was discharged; and (4) the sole reason for his discharge was his refusal to commit the illegal act. *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003). Nordsell shoulders the burden to prove by a preponderance of the evidence that his termination was for no other reason than his refusal to perform an illegal act. *Sabine Pilot*, 687 S.W.2d at 735. At least one Texas state appellate court has expanded *Sabine Pilot's* reach to include

constructive discharge claims. *Nguyen v. Technical & Scientific Application, Inc.*, 981 S.W.2d 900, 902 (Tex. App. - Houston [1st Dist.] 1998, no pet.).

C. **Intentional Infliction of Emotional Distress**

Intentional infliction of emotional distress has been referred to as a "gap-filler" tort, permitting recovery in those rare instances where the plaintiff has "no other recognized theory of recovery." *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). For example, a plaintiff cannot bring an claim for intentional infliction of emotional distress against a defendant supervisor where the plaintiff could rely on a statutory provision or other recognized tort claim against his employer based on the same conduct. *Creditwatch, Inc. v. Jackson*, 157 S.W.2d 814, 815-17 (Tex. 2005).

III.

ANALYSIS

A. **Wrongful Discharge under *Sabine Pilot***

As mentioned, GMAC raises two challenges to Nordsell's Sabine Pilot claim. First the company claims Nordsell has failed to plead that he was subjected to adverse employment actions because he refused to commit a *criminal* act, one that carried *criminal* penalties. Second, GMAC claims that Nordsell failed to plead he was subjected to adverse actions *solely* because he refused to commit a crime. While these arguments may have merit, the Court does not reach them because Nordsell's pleadings fail on a more fundamental basis; Nordsell has not been discharged from his employment, constructively or otherwise. The narrow exception carved out by the Texas Supreme Court in *Sabine Pilot* is for wrongful *discharge* after refusing to commit a crime. As mentioned, the *Sabine Pilot* has been extended by some courts to include constructive discharge claims. But this

Court is aware of no authority extending this wrongful discharge cause of action to cases where the plaintiff alleges other forms of employment discrimination. It is undisputed that Nordsell still holds a job with GMAC. For this reason, his *Sabine Pilot* claim must be dismissed.

**B. Intentional Infliction of Emotional Distress**

Likewise, his claim for intentional infliction of emotional distress cannot stand. Nordsell's pleadings make clear that this gap-filler claim is based on the identical conduct that forms the basis of his ADA claim. He specifically references the facts underlying his intentional infliction of emotional distress claim as the same facts supporting his ADA claims. (Pl.'s 1st Am. Compl. ¶ 26.) For this reason, this claim must also be dismissed.

### IV.

### CONCLUSION

For the reasons stated above, the Court **DISMISSES** Nordsell's claims for wrongful discharge under *Sabine Pilot* and for intentional infliction of emotional distress. The only claim remaining for resolution is Nordsell's discrimination claim brought under the ADA.

**SO ORDERED.**

**SIGNED February 25, 2011**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE